Filed 11/5/21  P. v. Avila CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092546 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F07199) |
| v. | |
| CRUZ ARMANDO AVILA, | |
| Defendant and Appellant. | |

Defendant Cruz Armando Avila, along with accomplices Pablo Cobb and David Reynoso, entered the home of victim Nicholas Godinez while armed and attempted to rob him.  Multiple guns were fired, during which Cobb shot and killed Godinez.  A jury found defendant guilty of first degree murder and found true the special-circumstance allegations that the murder occurred during the commission or attempted commission of burglary and robbery.  In 2019, defendant filed a petition for resentencing pursuant to Penal Code[1] section 1170.95.  The trial court denied the petition on the basis that defendant is ineligible for section 1170.95 relief as a matter of law.  Defendant appeals,

---

[1]      Undesignated statutory references are to the Penal Code.

1

arguing he demonstrated prima facie entitlement to relief, and that the trial court should have issued an order to show cause and conducted an evidentiary hearing. Finding no error, we affirm.

BACKGROUND

For the reasons detailed in our discussion, we need not provide additional detail of the factual background of defendant's crime.

Suffice it to say, in 1996, defendant, Cobb, and Reynoso entered Godinez's home while armed and attempted to rob him. (*People v. Avila* (May 2, 2002, C029883) [nonpub. opn.].) Gunfire broke out, during which defendant, Reynoso, and Godinez were shot. (*Ibid.*) Godinez died at the scene. (*Ibid.*)

Although he did not shoot the bullet that killed Godinez, defendant was charged with murder. In 1998, a jury found defendant guilty of first degree murder (§ 187), burglary (§ 459), and attempted robbery (§§ 664, 211). The jury found true the special-circumstance allegations that the murder was committed during the commission or attempted commission of a burglary and robbery. (§ 190.2.) The jury instruction provided that in order to find the special circumstances true, the jury must find that although defendant was not the actual killer, he acted "with reckless indifference to human life and as a major participant, [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] in the commission of the crime of burglary, robbery, or attempted robbery, which resulted in the death of a human being . . . ." (See CALJIC No. 8.80.1.) The jury also found true that defendant used a firearm during the commission of the crime. Defendant was sentenced to life in prison without the possibility of parole plus three years.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition, and concluded defendant "simply does not fall within the provisions of Penal Code section 1170.95 -- he is not a person who could not be convicted of first- or second-degree murder under the law as changed by SB 1437 --

2

because the jury found true the very findings now required for first-degree felony-murder pursuant [to] SB 1437." The trial court noted that if defendant wanted to challenge the legal validity of the special-circumstance findings, he would need to "first obtain collateral relief in a habeas corpus proceeding."

## DISCUSSION

### I

*Applicable Law*

Senate Bill No. 1437, effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

3

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. (§ 1170.95, subd. (b).) Section 1170.95, subdivision (c), which dictates how the court must handle the petition, reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Section 1170.95, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

II

*Defendant Is Not Entitled To Relief As A Matter Of Law*

Defendant contends the trial court erred in denying his petition on the basis that it was facially insufficient. Defendant argues the trial court should have issued an order to show cause and conducted an evidentiary hearing. In support of his contention, defendant argues the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 changed the definition of what it means to be an active

4

participant, acting with reckless indifference to life. Under the new definition, he argues, he could not be found guilty of first degree murder.

The People argue the trial court properly denied the petition without issuing an order to show cause because defendant is ineligible for section 1170.95 relief as a matter of law given the jury's findings on the special-circumstance allegations.

Our Supreme Court recently held that the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing that the petitioner falls within the provisions of section 1170.95. (*People v. Lewis* (2021) 11 Cal.5th 952.) The Supreme Court reasoned: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.)

Following *Lewis*, we conclude that the trial court properly considered the record of conviction, including instructions to the jury and the jury's verdicts, in concluding that defendant failed to make a prima facie showing.

We also conclude defendant has failed to demonstrate error in the trial court's reliance on the jury's special-circumstance findings. "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special[-]circumstance allegation true, the jury makes precisely

5

the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special-circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez*[2] (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802.) We, however, find the *Galvan* line of cases more persuasive.

If petitioner wishes to challenge the sufficiency of the evidence supporting the felony-murder special-circumstance finding, his remedy is to pursue extraordinary relief by way of habeas corpus. As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by

---

[2] We acknowledge that the author in *Gomez* has concurred in an opinion disagreeing with the *Gomez* analysis. (*People v. Wilson* (2021) 69 Cal.App.5th 665.) This does not alter our analysis.

the statute' as construed in the decision.  [Citation.]  'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' "  (*Id.* at pp. 673-674.)

                                   DISPOSITION

The order denying the petition is affirmed.


                                                    /s/                               
                                                    Robie, J.



We concur:



 /s/                               
Hull, Acting P. J.



 /s/                               
Krause, J.